**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4207**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DOUGLAS RAY HOLDEN,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson. Timothy M. Cain, District Judge. (8:14-cr-00207-TMC-1)

Submitted: September 28, 2015        Decided: October 5, 2015

Before DUNCAN and WYNN, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Kimberly H. Albro, Research and Writing Specialist, Columbia, South Carolina, for Appellant. William N. Nettles, United States Attorney, Carrie Fisher Sherard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Douglas Ray Holden appeals the 120-month sentence imposed following his guilty plea to brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (2012). On appeal, he challenges the procedural and substantive reasonableness of his sentence. We affirm.

We review a sentence, "whether inside, just outside, or significantly outside the Guidelines range[,] under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We first consider whether the district court committed significant procedural error, such as incorrect calculation of the Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) (2012) factors, or inadequate explanation of the sentence imposed. United States v. Lymas, 781 F.3d 106, 111-12 (4th Cir. 2015).

In announcing a sentence, the court "must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). The explanation must be adequate "to satisfy the appellate court that the district court has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Boulware, 604 F.3d 832, 837 (4th Cir. 2010) (brackets and internal quotation marks

2

omitted).  "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments."  Carter, 564 F.3d at 328 (internal quotation marks omitted).  The court's explanation generally must provide "some indication" that it considered both the § 3553(a) factors as they relate to the defendant and the parties' potentially meritorious sentencing arguments.  United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006).

Holden analogizes to United States v. Patterson, 557 F. App'x 558 (7th Cir. 2014) (No. 13-1517), to argue that the district court committed procedural error in failing to recognize its discretion to consider his substance abuse in mitigation.  We find Patterson readily distinguishable, as the court's statements demonstrate no misunderstanding of its authority.  At the outset of the sentencing hearing, the court specifically noted that it had considered a forensic psychological report in preparation for sentencing, and its comments during the hearing reveal that it had both heard and considered Holden's argument regarding the evaluation.  The court also noted Holden's substance abuse when describing Holden's relevant history and characteristics during its explanation of his sentence.

3

The specific sentencing claim on which Holden focuses was but a small part of defense counsel's lengthy sentencing argument. The court addressed counsel's argument and provided a detailed, individualized explanation for its sentence, grounded expressly in the relevant § 3553(a) factors. Viewed on the whole, the court's statements were sufficient to indicate that the court considered Holden's argument regarding his substance abuse when determining his sentence. See Montes-Pineda, 445 F.3d at 380.

Having found no procedural error, we consider the substantive reasonableness of Holden's sentence under "the totality of the circumstances." Gall, 552 U.S. at 51. Substantive reasonableness considers whether "the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). In evaluating substantive reasonableness, we must consider "the extent of any variance from the Guidelines range." United States v. Aplicano-Oyuela, 792 F.3d 416, 425 (4th Cir. 2015).

A sentence is not unreasonable simply because the district court could have weighed the § 3553(a) factors differently in selecting a sentence. United States v. Susi, 674 F.3d 278, 290 (4th Cir. 2012). Greater variances are subject to more intense appellate scrutiny, and "[t]he farther the court diverges from

4

the advisory guideline range, the more compelling the reasons for the divergence must be." United States v. Hampton, 441 F.3d 284, 288 (4th Cir. 2006) (internal quotation marks omitted). However, "[a] district court's decision to vary from the Guidelines for an outside-the-heartland case is entitled to the greatest respect." Lymas, 781 F.3d at 112 (internal quotation marks omitted).

Although the court imposed a significant upward variance, we conclude the court's analysis of the § 3553(a) factors and relevant sentencing considerations sufficiently justified the extent of the variance. The parties now dispute the type of case to which Holden's offense should be compared, but they compared his offense only to domestic violence cases at sentencing. The troubling facts of Holden's offense, as detailed by the sentencing court, and the sentences to which he could have been subject for his offenses, support the court's conclusion that Holden's offense fell outside the heartland of both § 924(c) and domestic violence cases. In light of the "extremely broad discretion" accorded sentencing courts in weighing the § 3553(a) factors, see United States v. Jeffery, 631 F.3d 669, 679 (4th Cir. 2011), we discern no abuse of discretion in the sentence imposed by the court.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED